**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-7205**

─────────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

DAVIDA BILAL,

                              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Jerome B. Friedman, District Judge.  (CR-00-48)

─────────────

Submitted:  November 10, 2004        Decided:  November 29, 2004

─────────────

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Davida Bilal, Appellant Pro Se.  Laura Marie Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Davida Bilal seeks to appeal the district court's order denying her Fed. R. Civ. P. 60(b) motion seeking reconsideration of the court's order dismissing her petition under Fed. R. Civ. P 60(b) and Fed. R. Civ. P. 70 as successive and for lack of jurisdiction. In United States v. Winestock, this court held that a district court "must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" United States v. Winestock, 340 F.3d 200, 206 (4th Cir.) (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)), cert. denied, 124 S. Ct. 496 (2003). Bilal's underlying Rule 60(b) and 70 motion was properly treated as a successive 28 U.S.C. § 2255 (2000) motion by the district court because the claims she sought to raise attacked her sentence.

An appeal may not be taken from the final order in a 28 U.S.C. § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 368-89 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by

- 2 -

demonstrating that reasonable jurists would find that her constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Bilal has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

In addition, we construe Bilal's notice of appeal and informal brief on appeal as an application to file a second or successive motion under 28 U.S.C. § 2255. See Winestock, 340 F.3d at 208. Bilal's claims do not satisfy the conditions set forth in 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Therefore, we decline to authorize Bilal to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED